The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Order unanimously affirmed, with ten dollars costs and disbursements.

---

JAMES K. BUST, Appellant, *v.* RAY FORTNER, Respondent.

Fourth Department, January 12, 1923.

Executions — mileage — sheriff not entitled to receive mileage fees in advance under Civil Practice Act, § 1558, subd. 6 — amendment to Civil Practice Act, § 1558, by Laws of 1922, chap. 626, not applicable.

A sheriff to whom an execution has been tendered cannot demand the payment in advance of mileage fees from his office to the residence of a judgment debtor and return, as a condition of his receiving and executing the process, for under section 67, subdivision 3, of the Public Officers Law an officer is prohibited from demanding or receiving any fee allowed to him unless the service has been actually rendered, except where he is by law expressly directed or permitted to require payment before rendering service, and subdivision 6 of section 1558 of the Civil Practice Act does not authorize him to demand payment of mileage fees in advance.

The amendment of said section by chapter 626 of the Laws of 1922, providing that mileage fees may be demanded in advance where an execution is delivered to a sheriff for the purpose of making a demand on the judgment debtor personally, or upon some person to whom property has been conveyed by him secretly or otherwise, does not apply.

14

APPEAL by the plaintiff, James K. Bust, from an order of the Supreme Court, made at the Cayuga Special Term and entered in the office of the clerk of the county of Cayuga on the 14th day of November, 1922, denying his motion for an order directing the sheriff of said county to receive and execute an execution tendered to him by the plaintiff's attorney.

*A. J. & F. A. Parker,* for the appellant.

*Frank S. Coburn,* for the respondent.

DAVIS, J.:

The plaintiff having recovered a judgment for $224.13, tendered an execution to the sheriff together with the fees prescribed by law for receiving, entering and returning an execution. The sheriff refused to receive and execute the same unless the judgment creditor would pay in advance mileage fees from the sheriff's office to the' residence of the judgment debtor and return, a distance of thirty-two miles. A motion was then made for an order directing said sheriff to perform his duty and receive and execute the process of the court. At Special Term this motion was denied.

An officer may not demand or receive any fee allowed to him by law for any service unless the service was actually rendered by him, except that he may demand in advance his fee where he is by law expressly directed or permitted to require payment before rendering service. (Pub. Off. Law, § 67, subd. 3.)

The civil fees of a sheriff were for many years fixed generally by section 3307 of the Code of Civil Procedure. Those provisions are now contained in section 1558 of the Civil Practice Act and in section 185a of the County Law (as added by Laws of 1920, chap. 921). In many instances the sheriff became entitled to his fee only when he had performed the service or executed the process; in a few, he might require payment in advance.

Subdivision 6 of section 1558 of the Civil Practice Act provides that he may require the payment in advance of his fee for receiving, entering and returning an execution. He is entitled to a fee for mileage upon an execution going and returning at the rate of ten cents per mile. If he actually and necessarily travels in executing the process, he is entitled to demand and be paid that sum from the party delivering the execution to him, when he has rendered the service, but not in advance. By an amendment of the section in 1922 (Chap. 626) there was added this provision: "For mileage, to make a demand, upon an execution and where the collection cannot be enforced through the disposal of property, secret or otherwise, the sheriff is entitled to his travel fee as provided in this subdivision, and the party at whose instance the execution is placed

in the sheriff's hands must pay such fees to the sheriff upon demand."

It is in reliance on this amendment, we assume, that the sheriff demanded a fee for mileage in advance. The learned court at Special-Term reached the conclusion that the amendment applied. We think this was error. The general rule as to mileage has not been changed. The sheriff is not necessarily required to make a demand on the judgment debtor; very often it is impossible. He is required only to exercise reasonable diligence to discover property subject to levy and execute the process. (35 Cyc. 1537, 1628.) But there are instances where the judgment creditor to fix liability or to lay the foundation for a further action or proceeding may desire a demand to be made on the judgment debtor personally, and upon some person to whom property has been conveyed by him secretly or otherwise. He may require the sheriff to make such demand, but under the present law, must pay the mileage fees in advance if required.

It does not appear that such were the facts when the appellant delivered the execution to the sheriff in this case. The latter was, therefore, not entitled to demand payment of mileage in advance.

The order should be reversed, with ten dollars costs, and the motion granted, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.